## NORMAN H. HIGGINS *vs.* DAVID B. DEWEY.

A man who sets and keeps a fire on his own land negligently is liable for injury done by its direct communication to his neighbor's land, whether through the air or along the ground, and whether or not he might reasonably have anticipated the particular manner and direction in which it was communicated.

In an action for setting a fire on the defendant's land so negligently that it spread to the plaintiff's land and burned his timber, the opinion of a person experienced in clearing land by fire, that there was no probability that a fire set under the circumstances, as described by the witnesses, would have spread to the plaintiff's land, is inadmissible to disprove negligence on the part of the defendant.

TORT for setting and guarding a fire on the defendant's land so negligently that it spread to the plaintiff's land and burned his timber.

At the trial in the superior court, before *Rockwell*, J., there was evidence tending to show that the defendant, for the purpose of destroying brush on his land, set fire to the brush within six feet of the plaintiff's adjoining land, which was covered with brush; that very soon afterwards fire was discovered on the plaintiff's land, some sixteen rods distant, and over the brow of a ridge of land some thirty or forty feet above the level where the defendant's fire was set; that, if this fire on the plaintiff's land was communicated from the defendant's fire, it was done by means of cinders carried by the wind; that the ground was very dry; that there was a high wind blowing in the direction in which the place where fire was first discovered on the plaintiff's land lay from the fire on the defendant's land; and that afterwards the fire crossed from the defendant's land directly upon the plaintiff' land, and this fire united with the fire on the ridge.

There was no evidence of negligence on the part of the defend-- ant in guarding the fire after it was set.

The defendant offered to prove by William Wells, a surveyor and civil engineer of many years' experience in clearing land by fire, who had observed the effect of wind on fires in different localities, had been upon the land where the defendant set his fire and made a plan of it, and was acquainted with the surrounding country, that there was no probability that a fire set under the circumstances in this case, as described by the witnesses, would be communicated to the plaintiff's land ; but the judge excluded the evidence.

The defendant requested the judge to instruct the jury " that if the fire caught on the plaintiff's land, from the fire of the defendant, by being carried in the air over the ridge from ten to sixteen rods, unless they were satisfied that men of ordinary prudence would not set the fire for fear that it would be carried in the air over the ridge, then the plaintiff could not recover ; that unless the defendant would reasonably apprehend that fire would be carried over the ridge, in the air, from the fire made by him, and set fire to the plaintiff's wood, then the defendant was not guilty of negligence, if the fire was actually communicated in that manner, and the plaintiff could not recover ; that unless they were satisfied that the fire actually caught from the defendant's fire, and also that he ought to have foreseen that it would probably be communicated in the way it was communicated, then their verdict must be for the defendant ; and that even if it was careless for the defendant to set his fire on that occasion, yet if the fire was communicated by the defendant's fire to the plaintiff's property in a manner which men of ordinary prudence and care would not reasonably apprehend and anticipate, then the plaintiff could not recover." But the judge refused to give these instructions in the form requested, and instructed the jury that " to maintain his action the plaintiff must prove that the fire which occasioned the damage to his wood was communicated thereto from the fire which the defendant had set on his own land, and that the defendant in burning his brush did not use due and reasonable care in setting the fire, and in said burning did

not use due and reasonable care and diligence to control the fire, and prevent its escape and communication to the adjoining and surrounding lands ; and that the burden of proof upon both these propositions was upon the plaintiff."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H B. Stevens*, for the defendant.

*G. M. Stearns & M. B. Whitney*, for the plaintiff, were not called upon.

GRAY, J. The instructions requested were rightly refused, and the instructions given were correct and sufficient. A man who negligently sets fire on his · own land, and keeps it negligently, is liable to an action at common law for any injury done by the spreading or communication of the fire directly from his own land to the property of another, whether through the air or along the ground, and whether he might or might not have reasonably anticipated the particular manner and direction in which it is actually communicated. *Tubervil* v. *Stamp*, 1 Salk. 13 ; 2 Salk. 726 ; 1 Ld. Raym. 264 ; 3 Ld. Raym. 375 ; Com. 32 ; Comb. 459 ; Skin. 681 ; 12 Mod. 152 ; Carth. 425 ; Holt, 9. *Filliter* v. *Phippard*, 11 Q. B. 347. *Barnard* v. *Poor*, 21 Pick. 378. *Perley* v. *Eastern Railroad Co.* 98 Mass. 414. ·

The testimony of Wells was rightly excluded, because it related to an immaterial question, and to a subject within the common knowledge of the jury. *White* v. *Ballou*, 8 Allen, 408. *Luce* v. *Dorchester Insurance Co.* 105 Mass. 297.

*Exceptions overruled.*