FRANZ KILBERG *vs.* WALTER A. BERRY & another.

Suffolk. March 19, 1896. — September 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Pleading — Verdict.*

The averments in one of two counts in a declaration upon which an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the falling of a derrick upon him, goes to the jury, that the defendant knew the derrick to be unsafe and deceitfully ordered the plaintiff to work near it, are material, and, if unsupported by proof, the judge having refused to direct a verdict for the defendant on that count, a general verdict for the plaintiff will be set aside.

TORT, for personal injuries occasioned to the plaintiff, while in the employ of the defendants, by the falling of a derrick owned and operated by the defendants at their quarry in Quincy. At the trial in the Superior Court, before *Hammond,* J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in March, 1896, and afterwards was submitted on the briefs to all the judges.

*J. E. Cotter & J. A. Cotter,* (*J. W. McAnarney* with them,) for the defendants.

*S. L. Whipple,* (*G. A. Saltmarsh* with him,) for the plaintiff.

BARKER, J. Of the two counts upon which the case went to the jury, the first charges in substance that the defendants owned a granite quarry, and an unfit and unsafe derrick used in connection therewith, and that, well knowing these circumstances, they wrongfully and deceitfully ordered the plaintiff to work near the derrick, which he did, believing the derrick to be safe and not knowing the contrary, and was hurt by the falling of the derrick upon him. There is in this count no allegation that the plaintiff was in the exercise of due care, and no allegation that the defendants were careless, and no well pleaded allegation of facts from which the jury could find that the defendants were careless. The wrong charged is the wrongfully

and deceitfully putting the plaintiff at work near a derrick which the defendants knew, and he did not know, to be unsafe.

The other count charges, in substance, that the defendants were owners of a quarry, and of an improperly and insecurely fastened derrick used therein, and that they so unskilfully, negligently, and carelessly operated the derrick that the plaintiff, while in their employ and in the exercise of due care, was hurt by its fall.

The declaration alleged that the counts were for the same cause of action. The substance of all the evidence is stated in the bill of exceptions. The defendants not only asked the general ruling that the plaintiff was not entitled to recover, but a specific ruling that upon the evidence he was not entitled to recover on the second count, which is the count first above mentioned, and a ruling that upon the evidence he was not entitled to recover on the third count, which is the other count above mentioned.

At the argument, the defendants conceded that there was evidence for the consideration of the jury upon the third count, and they contend that upon the second count the ruling requested should have been given, and a verdict for the defendants ordered upon that count.

There was no evidence which would justify the jury in finding that the defendants knew the derrick to be unsafe, or that they deceitfully ordered the plaintiff to work near it. No one testified that the derrick was out of order before the accident. Two witnesses, Sandbloom and Pierson, testified that they were working five or ten minutes' walk away from the place of the accident, and that upon hearing of the accident (presumably not long after it happened) they went to the quarry and looked at the derrick and its fastening, and that a certain guy had slipped off the pin provided to fasten it, and that this pin was loose in the hole which had been drilled for it; that the hole was about half an inch larger in diameter than the pin, and that Sandbloom pulled the pin out of the hole with his hand, and turned it round without difficulty in the hole. Laying aside the testimony of other witnesses, which was wholly incompatible with the truth of the testimony given by Sandbloom and Pierson, and assuming that their statement that soon after the fall of the

derrick the pin of one guy was loose in its hole and that the hole was half an inch larger in diameter than the pin, it was not a fair inference either that the defendants knew that the pin was loose in the hole, or that, knowing it, they deceitfully ordered the plaintiff to work in the vicinity of the derrick. The derrick had been constructed and erected for the defendants by persons of experience. The accident was on Monday, and there was undisputed testimony that the pin had been examined on the previous Saturday morning by a blacksmith who was working for the defendants, and that it was then all right as far as he could see, and one of the defendants testified that he had inspected the fastenings on the morning before the accident, and that they were all right. The pins were fastened in their holes by shims or wedges around the pin, so that the hole must be of greater diameter than the pin. It is therefore plain that, even if the jury rejected the testimony tending to contradict Sandbloom and Pierson, and the testimony of the blacksmith as to the condition of the pin on the previous Saturday morning, and the testimony of the defendants as to the state of the fastenings on the morning before the accident, a finding that the defendants knew the derrick to be unsafe, and deceitfully ordered the plaintiff to work in its vicinity, had nothing to support it but the fact that the guy pin was loose after the accident, and could have been nothing but a conjecture, too contrary to the ordinary course of events to be a fair inference from, or justified by, any possible view of the evidence.

If, then, the allegations that the defendants knew the derrick to be unsafe, and, so knowing it, deceitfully ordered the plaintiff to work near it, were allegations essential to be proved, the jury should have been instructed that upon the evidence the plaintiff was not entitled to recover upon this count; and as the verdict was general, and there is nothing to show that it was not rendered upon this count alone, it must be set aside.

These averments are material, and proof of them is essential to the case stated in the count, because without them no actionable wrong is well pleaded, and without proof of them no such wrong is shown. With them, the tort charged is the ordering of the plaintiff to work where a danger well known to the defendants, and unknown to the plaintiff and not obvious, men-

aced his safety. It is in effect the placing of him in a trap, and one who is injured by a trap need not show, in order to recover his damages, if injured by it, either that he was careful or the defendant careless. The wrongful deceit, of which his hurt is the natural consequence, is enough. But without the defendants' knowledge and deceit, no breach of the defendants' duty to the plaintiff is charged, and the plaintiff is not averred to have been in the exercise of due care. The employer does not insure the safety of his apparatus, but his duty is only to use due care to have it safe. There is an argumentative averment that the plaintiff, " while so in the employ of the defendants, and while so fulfilling his said duty, was injured "; but if it had been pleaded directly, this averment would not have been a statement that the plaintiff was in the exercise of due care, for a workman may conduct himself carelessly in fulfilling his duty.

The case is not one in which the language of the count should be strained in favor of the plaintiff. He has another count, in which the negligence of the defendants and his own due care are well charged, and if they were the only essential elements of the wrong of which he complained, this count was unnecessary. Nor is it necessary to inquire whether, if the averments of knowledge and deceit were not essential to the only actionable wrong well pleaded, they would not be so descriptive of it as still to require proof. See *Harris* v. *Rayner*, 8 Pick. 541; *Richards* v. *Farnham*, 13 Pick. 451; *Buddington* v. *Shearer*, 20 Pick. 477; *Arnold* v. *Sabin*, 4 Cush. 46; *Lyons* v. *Merrick*, 105 Mass. 71, 77; *Jones* v. *Dow*, 137 Mass. 119; *Rindge* v. *New England Aid Society*, 146 Mass. 286, 289; *Spicer* v. *Lynn & Boston Railroad*, 149 Mass. 207.

There is another exception to a remark made by the presiding justice after the charge to the jury, but as the verdict must be set aside for the reason given, we need not consider it.

*Exceptions sustained.*