JAMES H. WALLACE & others *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Bristol.    October 25, 1910. — February 27, 1911.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, In causing fire, Railroad. *Railroad*, Liability at common law for causing fire negligently. *Evidence*, Presumptions and burden of proof.

In an action against a railroad corporation, at common law, for using a locomotive engine on its railroad in the State of Rhode Island so negligently that " cinders, sparks and burning matter " were alleged to have been " thrown therefrom," causing the plaintiff's cottage to be destroyed by fire, there was evidence on which it could have been found that the plaintiff's cottage was five hundred and eighty-six feet from the track of the defendant's railroad, that a part of the intervening ground was within the location of the defendant's railroad and a part of it was without, and that, while a train of the defendant lawfully was proceeding on a track of the defendant's railroad, a spark from the locomotive engine fell upon the location of the defendant's road, where there was " quite a lot of heavy grass [and] weeds," and set fire to the grass, that the fire was spread by a high wind and finally reached and destroyed the plaintiff's cottage. There was no evidence that the locomotive engine was emitting a great or unusual quantity of fire or sparks or burning matter and no evidence in regard to its condition and equipment. It did not appear that there was any statute of the State of Rhode Island affecting the defendant's liability and there was no evidence that the common law of that State differed from the common law of this Commonwealth. *Held*, that there was no evidence of negligence, and that a verdict should be ordered for the defendant.

By the common law of this Commonwealth, apart from the successive statutes which have changed it, the mere fact that a fire, which destroyed property, was started by a spark from a locomotive engine is not *prima facie* evidence of negligence on the part of a railroad corporation which was operating the engine.

TORT, at common law, for negligently causing the destruction by fire of a cottage and its contents belonging to the plaintiffs

at Tiverton in the State of Rhode Island.   Writ in the Second District Court of Bristol dated May 12, 1909.

On appeal to the Superior Court the case was tried before *Sanderson*, J.   After a part of the evidence had been heard the plaintiffs waived the original count of their declaration and the case was tried upon a second count, added by amendment, which was as follows : " And the plaintiffs say that at Tiverton in the State of Rhode Island, on or about the fifteenth day of March 1909, they were the owners and possessors of certain personal property, and that the defendant was a railroad corporation owning and operating a railroad and using locomotive engines thereon in said town of Tiverton.   And the plaintiffs further say that the defendant carelessly and negligently used its said locomotive engine so that a great quantity of fire, cinders, sparks and burning matter were thrown therefrom, and by reason of such negligence and carelessness on the part of the defendant, the plaintiffs being in the exercise of due care, fire was communicated to said property of the plaintiffs and destroyed the same.   To the damage of the plaintiffs, as they say, in the sum of one thousand dollars."

The facts which could have been found upon the evidence are stated in the opinion.   At the close of the evidence the judge ruled that there was no evidence of negligence of the defendant and ordered a verdict for the defendant.   The plaintiffs alleged exceptions.

*E. F. Hanify*, for the plaintiffs.

*F. S. Hall*, (*T. J. Feeney* with him,) for the defendant.

HAMMOND, J.   At the close of the testimony the judge ruled that " there was no evidence of negligence of the defendant and directed a verdict " accordingly.   The only negligence alleged in the declaration is that " the defendant carelessly and negligently used its said locomotive engine so that a great quantity of fire, cinders, sparks and burning matter were thrown therefrom."   The ruling must be considered as made with reference to the state of the pleadings; and the only question raised upon the record is whether there was any evidence of the kind of negligence alleged in the declaration.

Inasmuch as the fire occurred in the State of Rhode Island our statute is not applicable ; and, it not appearing that there is any statute in that State affecting the question, the rights of the

parties must be determined by the common law of that State which, in the absence of proof to the contrary, must be assumed to be the same as in this.

Whatever may have been the law in England either before or after St. 6 Anne, c. 31, or the common law in this State, as to one's liability for damages caused by fire escaping from his houses or lands (as to which see among other cases *St. Louis & San Francisco Railway* v. *Mathews*, 165 U. S. 1, and the cases therein cited, and *Lothrop* v. *Thayer*, 138 Mass. 466, and the authorities therein cited), it is now well settled in England and generally throughout the United States that the gist of the action is negligence. *Vaughan* v. *Taff Vale Railway*, 5 H. & N. 679. *Milwaukee & St. Paul Railway* v. *Kellogg*, 94 U. S. 469. *Eddy* v. *Lafayette*, 163 U. S. 456. (For a collection of the cases see 13 Am. & Eng. Encyc. of Law, (2d ed.) p. 411, note 2, and p. 415, note 4.) And such is the law in this Commonwealth. *Barnard* v. *Poor*, 21 Pick. 378. *Tourtellot* v. *Rosebrook*, 11 Met. 460. *Higgins* v. *Dewey*, 107 Mass. 494. And this same principle is applied in the case of fire resulting from sparks falling from a locomotive engine lawfully in operation upon the track of a railroad corporation. See in addition to the cases hereinbefore cited those collected in Thompson, Negl. §§ 22, 30, note 7, and those named in 13 Am. & Eng. Encyc. of Law, (2d ed.) p. 411, note 2, and p. 415, note 4. In any such case against a railroad corporation the defendant is not answerable unless shown to be negligent, the burden being upon the plaintiff to show it. This negligence may consist (1) in not providing and keeping in suitable repair the best well known practical contrivances to prevent the unnecessary escape of sparks from the locomotive, or (2) in not keeping its grounds free from combustible materials so situated as to be likely to catch fire from sparks from the locomotive, or (3) in not taking proper precaution to stop or control a fire started with or without negligence upon its own premises, so that it will not destroy freight upon its own land or property on land of another. For negligence in either one of these respects the defendant is answerable. Whether in this case there was any evidence of the second or third kind it is unnecessary to consider, since, as above stated, only that of the first kind is alleged in the declaration.

The evidence would warrant a finding that the plaintiffs' cottage was situated about five hundred and eighty-six feet westerly of the defendant's railroad track; that part of the intervening ground was within the location of the railroad and part without, the two parts being separated by a stone wall; that on Monday, March 15, 1909, at about half past one in the afternoon, while one of the defendant's trains was lawfully proceeding on the defendant's tracks in Tiverton in the State of Rhode Island, a spark from the locomotive fell upon the location of the road where there was "quite a lot of heavy grass [and] weeds," and set fire to the grass; and that the fire, spreading under the influence of a high wind, finally reached and destroyed the cottage with its contents.

There was no evidence, however, that the locomotive was emitting a great or unusual quantity of fire or sparks or "burning matter," or of the condition and equipment of the locomotive. But it is contended by the plaintiffs that the mere fact that the fire was started by a spark from the locomotive is *prima facie* evidence of negligence, and that such *prima facie* case stands, unless controlled by other evidence as to the actual condition of the locomotive and its equipment. There is a plain and direct conflict among the authorities on this point, many of them in favor of the rule urged by the plaintiffs, and many to the contrary. The cases are numerous, and it is impracticable and useless to attempt to discuss them in detail. As representative cases see, in favor of the rule, *Louisville & Nashville Railroad* v. *Reese*, 85 Ala. 497, and *Spaulding* v. *Chicago & Northwestern Railway*, 30 Wis. 110; and, *contra*, *Lowney* v. *New Brunswick Railway*, 78 Maine, 479, and *Chicago & Eastern Illinois Railroad* v. *Ostrander*, 116 Ind. 259. In the Alabama case above cited in favor of the rule, it is said to be not a rule of liability but of evidence; and in the Wisconsin case, also in favor of the rule, Dixon, C. J., says: "The presumption, therefore, of negligence or of the want of proper equipments, arising from the mere fact of fire having escaped, is not conclusive, nor, indeed, a very strong one, but, of the two, rather weak and unsatisfactory." The rule cannot rest upon the doctrine of *res ipsa loquitur*, for there is no such probable connection between the falling of a spark from a locomotive and negligence as is required for the

application of that doctrine. It is conceded to be an exception to the general rule as to the proof of negligence, and when adopted it seems to be put on the ground of the difficulty the plaintiffs otherwise would experience in proving negligence in the condition of the locomotive. As stated by Dixon, C. J., in the Wisconsin case above cited: "It is indulged in merely for the purpose of putting the company to proof and compelling it to explain and show, with a reasonable and fair degree of certainty . . . that it had performed its duty in this particular," that is, in the construction and equipment of its locomotive.

. There is no reported decision in this court which absolutely determines the matter, or in which it is discussed, and since the Sts. of 1837, c. 226, and 1840, c. 85, which so far as we are aware were the first statutes passed anywhere upon the subject, the question has become of no consequence as to all fires caused in this State by locomotives. Upon a consideration of the reasons upon which this exception is based, we do not feel that they are sufficient to lead this court to depart from the general rule of evidence as to proof of negligence. If there is to be such an exception to the general rule, it should be established rather by legislative action (as has been done in this State) than by judicial construction.

*Exceptions overruled.*