JESSIE B. GILLET *vs.* FRANCIS SHAW, SR.

EDWARD M. GILLET *vs.* SAME.

Middlesex. December 10, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Evidence,* Photographs, Admissions. *Practice, Civil,* Exceptions. *Agency,* Scope of authority.

It is within the discretion of the judge presiding at the trial of an action for personal injuries caused by the running away of a horse which the plaintiff was driving when frightened by reason of alleged negligence of a servant of the defendant in the operation of an automobile, to allow photographs taken by the defendant to be introduced in evidence with testimony as to the way in which they were taken and explanations of certain objects that appeared in them, where an automobile and a horse which appeared in the photographs have been covered and the jury are told expressly to use the photographs only so far as they reproduced exact conditions, and to disregard them entirely so far as they showed anything else.

It is better for a presiding judge to conduct in the absence of the jury an examination preliminary to his decision as to the admission of certain photographs offered to show physical conditions at the place of an accident which is the basis of the action. In this case such an examination was conducted in the presence of the jury and much irrelevant testimony was given as to certain experiments which were made by persons employed by the defendant when the photographs were taken. It appeared, however, that this course of proceeding was not objected to by the plaintiff, and that he did not ask to have the jury excused, and that the jury were instructed without objection to consider the photographs only as representing exact conditions and to disregard them for any other purpose, and it was *held,* that no error was committed sufficient to warrant a new trial.

At the trial together of two actions, one by a wife for personal injuries and the other by her husband for consequential damages resulting from a horse which she was driving being frightened by alleged negligence in the operation of an automobile by a servant of the defendant, evidence was admitted, subject to an exception by the plaintiffs, solely as bearing on the husband's case, of a conversation between the husband and wife in which he had warned her in regard to the horse's fear of automobiles. It did not appear that anyone else was present at the conversation. The plaintiffs did not object to the evidence on that ground when it was introduced. The jury found for the defendant in both cases, and also found specially that the defendant's chauffeur was not negligent. *Held,* that the exceptions must be overruled, because, even if the evidence was incompetent, it was admitted only on the question of the due care of the husband, and, in view of the jury's findings, the plaintiffs could not have been harmed by it.

If a chauffeur, after a horse became frightened by an automobile which he was

operating and a woman who was driving the horse was injured, stated to his employer over the telephone that he had "had an accident with" the woman, and inquired whether his employer desired to have his physician see the woman, "or what he should do," these statements are not admissible in evidence as admissions binding upon the employer in an action for personal injuries by the woman against the employer.

The mere fact, that, two days after an accident alleged to have been caused by negligence of a chauffeur, his employer discharged him, is not competent as an implied admission by the employer that the accident was due to the chauffeur's negligence.

TWO ACTIONS OF TORT, the first for personal injuries alleged to have been suffered by the plaintiff when a horse that she was driving near Ellicott City in Maryland became frightened by reason of the alleged negligence of a servant of the defendant in the operation of an automobile. The second action was by the husband of the plaintiff in the first for consequential damages. Writs dated October 10, 1910.

In the Superior Court the cases were tried together before Sanderson, J.

The testimony of McNeil, referred to in the opinion, which, subject to an exception by the plaintiff, was admitted in evidence "as bearing only on" Edmund M. Gillet's "own case," was as follows:

"I talked to Mr. Gillet and expressed regret that such a thing happened and he said that he has been cautioning his wife about that horse. . . . He said that on different occasions the horse shied at automobiles and that he told her if she could [to] sell the horse."

The evidence as to statements of the chauffeur after the accident, referred to in the opinion, which was excluded subject to exceptions by the plaintiff, was in the testimony of Mrs. Gillet and was to the effect that the chauffeur had talked on the telephone with his employer immediately after the accident and had stated that he "had an accident with Mrs. Gillet and another lady and a child, and wanted to know if they wanted their doctor to come to see" Mrs. Gillet, "or what he should do, and after he talked to them he called up Mr. Gillet and asked him to bring a doctor at once."

Other material facts are stated in the opinion. There were verdicts for the defendant; and the plaintiffs alleged exceptions.

*F. G. Cook,* (*G. H. Hull* with him,) for the plaintiffs.

*M. J. Dwyer,* (*S. R. Cate* with him,) for the defendant.

De Courcy, J. The accident in question occurred at about 9.15 A. M., May 27, 1910, on a public highway known as the New Cut Road, which leads southerly from Ellicott City, Maryland, to the home of the plaintiffs, a distance of about a mile and a quarter. This road runs through a ravine and has a number of curves. Jessie B. Gillet, hereinafter called the plaintiff, was returning to her home in a top buggy drawn by her family horse, and was seated on the right and driving. She had reached a point on the road about a mile from Ellicott City, and had passed the southerly end of a cottage known as the Ben Williams house, when an automobile driven by the defendant's chauffeur came into sight around the bend in the road next south of the Williams house. The evidence tended to show that the horse became frightened, and shied; that it dragged the buggy over a bush and against a stump near the side of the road, and that the buggy was thereby upset and Mrs. Gillet was thrown out and injured. There was no collision between the team and the automobile.

The action of the plaintiff was brought to recover damages for the injuries suffered by her, and alleged to have been caused by the negligence of the defendant's chauffeur; and the action of her husband, Edward M. Gillet, is brought for the consequential damages sustained by him. The cases were tried together, and the jury returned verdicts for the defendant. Thereupon the presiding judge, addressing the jury, said: "I would like to ask if the jury found that the chauffeur was not negligent?" To which the foreman answered "Yes." The only questions raised by the exceptions relate to the admission or exclusion of evidence by the judge.

1. As to the photographs. These were admitted after the defendant had covered the portions showing a horse and an automobile, and for the sole purpose of illustrating the physical features of the location. The jury were expressly told to use them so far as they reproduced the exact conditions, and to disregard both plans and photographs entirely so far as they showed anything else. It would seem from the record that the plaintiff's counsel withdrew his objection to them after the horse and automobile had been eliminated. However that may be, the admis-

sibility of the photographs rested largely in the discretion of the judge, and we find no error in its exercise.

The depositions of the civil engineer Sutton and the photographer Groeninger, so far as they described how the photographs were taken and explained certain objects that appeared in them, clearly were competent. Whether the photographs could be used as a graphic illustration of experiments made by these witnesses relating to the range of vision from various points in the road need not be considered, as the judge expressly excluded their use for that purpose. In the preliminary examination some evidence that referred to these experiments was read from the depositions. To much of it no objection was made, and plaintiff's counsel consented that the photographs might be used *de bene* and shown to the jury in this connection. The judge expressly allowed this testimony to be read only for the purpose of enabling him properly to pass upon the photographs. Later he excluded the photographs as experiments, limited their use as above stated, and so instructed the jury in his charge. It now seems apparent that it would have been better to conduct this preliminary examination in the absence of the jury; but the plaintiff did not so request, nor did she ask that the jury be further instructed to disregard what had been said about experiments, nor except to the charge as given. We cannot say that harmful error is shown. *Everson* v. *Casualty Co. of America*, 208 Mass. 214. *Slotofski* v. *Boston Elevated Railway*, 215 Mass. 318.

2. The testimony of McNeil as to a conversation he had with the plaintiff Edward M. Gillet was admitted solely as bearing on the latter's own case. The question asked was a proper one. It is now argued that the alleged warning testified to in the answer occurred in a private conversation between husband and wife, although that objection was not raised at the trial. Assuming however that the answer was incompetent, and that the objection is now open to the plaintiff, it cannot avail her, in view of the special answer of the jury, that the chauffeur was not negligent. The evidence could bear only on the plaintiff's due care.

3. The remaining exceptions also are rendered immaterial by the special answer of the jury. It may be added, however, that the statements of the chauffeur after the accident, even if material to the issue, could not bind his employer as an admission of lia-

bility. *Boston & Maine Railroad* v. *Ordway,* 140 Mass. 510. *Richstain* v. *Washington Mills Co.* 157 Mass. 538. And the evidence in the deposition of the chauffeur Dykeman, that he was discharged two days after the accident, was not competent as an implied admission by the defendant that the chauffeur had been careless. *Hewitt* v. *Taunton Street Railway,* 167 Mass. 483.

*Exceptions overruled.*