ROBERT H. WHITE *vs.* ARTHUR R. SHARPE.

Bristol. October 27, 1914. — November 30, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Exceptions, Rules of court. *Rules of Court. Negligence,* In starting and controlling fire. *Fire. Evidence,* Admissions and confessions. *Agency,* Scope of authority. *Words,* "Further instructions."

Where an action being tried in the Superior Court is submitted to the jury at 4.30 P. M. and the next morning the jury report that they are unable to agree, whereupon, in the absence of the counsel for the plaintiff, the judge orders a verdict for the defendant and the counsel for the plaintiff later on the same day asks that his exception to the ordering of the verdict be saved, which is done, the ordering of the verdict constitutes "further instructions," as those words are used in the clause of Rule 45 of the Superior Court which

reads, "When further instructions are given in the absence of counsel after the jury have retired, the presiding justice may permit exceptions thereto at any time within twenty-four hours next following;" and the plaintiff's exception is saved properly.

At the trial of an action of tort for the destruction of an ice house of the plaintiff by fire alleged to have been communicated from a brush fire started and negligently tended by the defendant on land nearby, it appeared that the plaintiff's ice house was eight hundred feet distant from a public street which separated the plaintiff's from the defendant's land and that the brush fire was started on the defendant's land under the direction of the defendant's foreman and by his employees, who, after they had started it, left it unattended and gathered more brush, that the fire was fanned by a strong wind which had started up, spread "as fast as a man could run" over intervening grass and pine land, got beyond the control of the defendant's employees, who made no effort to summon the fire apparatus and who had at hand no means of checking it except shovels and branches, crossed the street and finally reached and burned the ice house. *Held,* that there was evidence for the jury on the question of negligence of the defendant's employees.

In an action for the destruction of an ice house by fire alleged to have been negligently started and tended by employees of the defendant on land of the defendant adjoining that of the plaintiff, a statement by a foreman of the defendant who was in charge of the defendant's land, made after the ice house was on fire, that the defendant's "men were burning brush on" the defendant's "premises and that the fire got away from them," if it can be construed as an admission of negligence, is not admissible as an admission binding on the defendant.

Tort for the destruction on March 22, 1911, of an ice house of the plaintiff by fire alleged to have been communicated from a brush fire negligently started and negligently tended on land of the defendant. Writ dated February 13, 1912.

In the Superior Court the case was tried before *Hitchcock,* J. The material evidence and an exception taken by the plaintiff to the exclusion of certain evidence are described in the opinion. Under the circumstances there stated, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. J. Holbrook,* for the plaintiff.

*F. S. Hall,* (*S. P. Hall* with him,) for the defendant.

De Courcy, J. The defendant contends that the plaintiff's exception was not taken seasonably. It appears from the record that at the close of the testimony the defendant requested the trial judge to rule that the evidence would not warrant a verdict for the plaintiff. The judge refused to make this ruling, and after fully instructing the jury submitted the case to them at half past four o'clock in the afternoon. On the following morning the jury

reported that they could not agree; and the judge, of his own motion, directed them to return a verdict for the defendant. The counsel for the plaintiff was not then present in court, but later in the day he asked that his exception be saved, and this was done.

The first part of Rule 45 of the Superior Court reads: "No exception shall be allowed by the presiding justice, unless the same be alleged and saved at the time when the opinion, ruling, direction, or judgment excepted to is given. All exceptions to charge to the jury shall, unless previously saved, be alleged before the jury are sent out." For many years the Rule had gone no further. But in 1900 there was added to the Rule, then numbered 48, the additional provision which has been in force since that time: "When further instructions are given in the absence of counsel after the jury have retired, the presiding justice may permit exceptions thereto at any time within twenty-four hours next following." We are of opinion that the directions given to the jury in the morning and while they still had the case under consideration, constituted, "further instructions," within the meaning and the scope of this clause; and that the exceptions are properly before us. See *Goodrum* v. *Grimes,* 185 Mass. 80.

The plaintiff's ice house was north of and about eight hundred feet distant from Glebe Street in Taunton. The defendant's employees were directed by his foreman to burn the brush on the defendant's farm, at a place on the southerly side of Glebe Street, a considerable distance easterly from the plaintiff's building. They gathered the brush into a large pile and set fire to it. Then they left the burning pile unattended while they proceeded to gather more brush. The fire, fanned by a strong wind which had started up, spread over the intervening grass and pine land "as fast as a man could run;" it got beyond their control, and finally reached and burned the ice house. There was at hand no water or chemicals, and no means of checking the fire except shovels and branches; and no effort was made to summon the fire apparatus. As to these facts there was no substantial dispute. The progress of the fire over the dead grass indicated that the ground was covered with dry and combustible materials, notwithstanding some testimony that it rained or snowed on the preceding day. In our opinion the evidence entitled the plaintiff

to go to the jury. As was stated by Gray, J., in *Higgins* v. *Dewey,* 107 Mass. 494, 496, "A man who negligently sets fire on his own land, and keeps it negligently, is liable to an action at common law for any injury done by the spreading or communication of the fire directly from his own land to the property of another, whether through the air or along the ground, and whether he might or might not have reasonably anticipated the particular manner and direction in which it is actually communicated." And see *Wallace* v. *New York, New Haven, & Hartford Railroad,* 208 Mass. 16, and cases cited.

As the case is to go back for another trial, it may be added that the judge rightly excluded the plaintiff's offer to show that the defendant's foreman, after the ice house was on fire, stated to the witness Willis that "Sharpe's men were burning brush on Sharpe's premises and that the fire got away from them." Assuming that this could be construed as an admission of negligence, it was not binding as such on the defendant. *Gillet* v. *Shaw,* 217 Mass. 59. Nor was it offered under the provisions of R. L. c. 175, § 24, for the purpose of contradicting Ducharme, who was called as a witness by the plaintiff.

*Exceptions sustained.*