JOSEPH W. GATES & another *vs.* BOSTON AND MAINE
RAILROAD.

Essex.   January 19, 1926. — March 29, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

· *Negligence*, In control of fire.   *Fire.   Practice, Civil,* Requests for rul-
ings.   *Evidence*, Presumptions and burden of proof, Matter of common
knowledge.

The declaration in an action of tort against a railroad company was based
on allegations that fire was communicated to property of the plaintiff
from a fire in a pile of railroad ties on the defendant's property, and in
one count it was alleged that damage to the plaintiff was caused by
negligence of the defendant while burning the ties, and in a second
count that it was caused by negligence of the defendant in not taking
proper precautions to stop or control the fire.   At the trial, the judge
in substance charged the jury that the parties had agreed that the
plaintiff could not recover unless the fire emanated from a designated
area on the defendant's right of way.   The defendant excepted to a
refusal by the judge further to rule that there was no evidence that the
fire causing the damage spread from any fire set by the defendant's
agents upon its land outside of this designated location.   *Held*, that the
exception must be overruled.

At the trial above described, there was evidence that four days before the
date of the fire on the plaintiff's premises the defendant's employees
had been engaged in burning ties to windward of the defendant's tracks;
that the wind caused the fire to jump across the tracks and set fire to a
pile of ties in the designated area, where in a wind it burned slowly for
four days and then was communicated by grass and other rubbish to
the plaintiff's premises four fifths of a mile away.   Employees of the
defendant testified that on the day when the fire in the second pile
started, they put the fire out by using a watering pot.   There was
evidence that fire was seen in the second pile on the day of the fire on the
plaintiff's premises and also two days afterward.   The trial judge
denied motions by the defendant that verdicts be ordered for it on each
count of the declaration.   The jury found for the plaintiff generally.
*Held*, that

(1) On the pleadings, the question, whether the fire in the ties four
days before the fire on the plaintiff's premises was negligently set, was
immaterial, and a request by the defendant for a ruling that it was not
negligently set, properly was denied;

(2) While proof of the defendant's negligence was the foundation of
the plaintiff's case, he was not bound to exclude every other possibility
of cause for his injury except that of the negligence of the defendant,
but was merely required to show by evidence a greater likelihood that
it came from an act of negligence for which the defendant was responsi-
ble than from a cause for which the defendant was not liable;

(3) The operation of the established laws· of nature in the familiar forms of combustion, the tendency of fire to persist when once started in wood, and the effects of wind on fire, are matters of common knowledge;

(4) The defendant having moved for a directed verdict on each count, the general verdict for the plaintiff could be sustained only in case there was evidence for the jury on each count;

(5) It was for the jury to say whether the fire which extended to the second pile might smoulder for four days and then be communicated to the plaintiff's premises;

(6) The jury had a right to consider that the fire was on the defendant's right of way and that no cause for the fire in the second pile was shown other than that admitted to have been found four days before the fire on the plaintiff's premises;

(7) Disbelieving the testimony of the defendant's employees, the jury were warranted by other evidence in finding for the plaintiff on each count of the declaration.

TORT for damages resulting from fire .communicated to property of the plaintiffs by reason of negligence of employees of the defendant in the control of fire on the defendant's right of way.   Writ dated August 29, 1922.

In the Superior Court, the action was tried before *Lourie*, J. Material evidence and exceptions saved by the defendant are described in the opinion.   The jury found for the plaintiffs in the sum of $3,003.12.   The defendant alleged exceptions.

*R. W. Rockwood,* for the defendant.

*W. B. Sullivan,* for the plaintiffs.

SANDERSON, J.   The plaintiffs, in a declaration in two counts, seek to recover damages for the burning of cord wood and standing wood in the town of Middleton.   They allege in the first count that on or about May 2, 1922, the defendant's agents set fire to a pile of railroad ties located along its tracks and by reason of their negligence while burning the ties, caused a forest fire, which spread to the plaintiff's property and burned it; and in the second count the negligence relied on is the failure of the defendant's agents to take proper precautions to stop or control a fire started on its premises·by its agents, as a result of which the fire spread and caused damage to the plaintiff's property.   Neither count required the plaintiffs to prove that the fire spread beyond the railroad location on the date when the defendant's agents were burning the ties.

The trial judge stated in the charge, in substance, that the parties had agreed that the plaintiffs could not recover unless the jury should find that the fire emanated from an area within the limits of the defendant's right of way, which was included between two points designated by the numerals, 7 and 17 as shown on a plan, and, having so charged, there was no reason for ruling as requested that there was no evidence that the fire causing the damage spread from any fire set by the defendant's agents upon its land outside of this designated location.

On the defendant's right of way within the area so designated there were three piles of ties, the only one material to this decision being the most northerly of the three, in which the ties had been collected from time to time for about a year. There was evidence that this pile was two, three, or four feet high and that the ties were arranged crosswise. At the location in question, the railroad runs approximately north and south, and the plaintiff's property was about four fifths of a mile from the tracks in a somewhat easterly direction. There was evidence that on the afternoon of May 2 a fire was seen burning in this pile of ties which spread therefrom to the plaintiff's property, and burned it, being carried by the wind, blowing in the general direction from west to east at a velocity of about nineteen miles per hour; that the ground between the pile of ties and the plaintiff's property was burned over; that fence posts on the easterly boundary line of the railroad location near the pile of ties were burned more on their westerly than on their easterly sides; that trees on the land over which the fire spread were more burned on the side toward the railroad than on the opposite side; that when certain witnesses arrived at the fire on May 2, two of the section hands were coming out of the swamp where the fire was burning, one carrying a shovel and another a watering pot; that the ties in the pile above mentioned were then burning; that those in the bottom were burned all around and more burned than those on top, and there were then live coals at the bottom of the pile "kind of smouldering." There was evidence that on the morning of May 3 live coals were seen in these ties and that they were on fire on the morning

of May 4 and were then about half burned. Section hands in charge of a part of the tracks, which included the area in question, had been ordered by a superior officer to burn brush, rubbish and ties on both sides of the track, and had been engaged in this work for several days before May 2. On that day they were burning ties, grass and rubbish along the line of the tracks, but at a place outside the area limited by the parties and the trial judge. The section hands. testified that on April 28 in the afternoon, while burning rubbish and grass on the westerly side of the tracks opposite the pile of ties above referred to, the fire jumped across the tracks and ignited these ties; and that in the course of two hours the fire was extinguished. There was evidence that on this afternoon the wind was blowing with a maximum velocity of twenty-four miles per hour. Whether the fire set in this pile of ties was negligently set was an immaterial inquiry under the pleadings, and the request for rulings that the fire on April 28 was not negligently set was properly denied. Negligence while burning and also in not stopping and controlling the fire was alleged, but not negligence in setting it, and it must be assumed that proper instructions limiting the decision of the jury to these material issues were given.

The questions to be determined are (1) whether the jury could have found that the fire which was admitted to be burning the ties in question on April 28 continued alive until May 2, and then caused the conflagration which spread to the plaintiff's property; and (2) whether these results could be found to be attributable to negligence of the defendant's employees in keeping, and in controlling, the fire which they caused.

It was contended by the defendant that the area between the railroad tracks and a point a considerable distance away was not burned over on May 2, but that on the next day when the wind changed the fire was driven back toward the tracks, and that no fire was communicated from any pile of ties to adjoining land. The defendant further contended that, if it could be found that the fire spread from the pile of ties, which witnesses saw burning on May 2, the origin of

the fire and the question of the defendant's negligence were matters of conjecture.   The trial judge ruled in accordance with the contention of the defendant that the answers to interrogatories by the defendant's president, put in by the plaintiffs, bound them in the absence of evidence to contradict or control those answers.   *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, 373.   *Boudreau* v. *Johnson*, 241 Mass. 12.   In so ruling he gave in substance the request of the defendant that there was no evidence that any fire was set in the designated area on May 2, there being no evidence of such a fire set on May 2, and the answers having specifically denied that such a fire was set on that date. The jury were instructed that the plaintiffs had the burden of proving that, due to the defendant's negligence, the fire which destroyed their property originated with or spread from a fire set by the defendant's agents.   The charge is not reported in full and no exception was saved in connection with it, except to the judge's refusal to give certain requests for rulings.

Proof of the defendant's negligence is the foundation of the plaintiffs' case.   *Barnard* v. *Poor*, 21 Pick. 378.   *Tourtellot* v. *Rosebrook*, 11 Met. 460.   *Higgins* v. *Dewey*, 107 Mass. 494. *Lothrop* v. *Thayer*, 138 Mass. 466, 469.   *King* v. *Norcross*, 196 Mass. 373.   *Wallace* v. *New York, New Haven & Hartford Railroad*, 208 Mass. 16.   *White* v. *Sharpe*, 219 Mass. 393. While "the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant, he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable.   If on all the evidence it is just as reasonable to suppose that the cause is one for which no liability would attach to the defendant as one for which the defendant is liable, then a plaintiff fails to make out his case." *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, 348.   "While it is not necessary for the plaintiff to exclude every possibility that the accident may have happened through some cause other than the negligence of the defendant, he is bound to introduce evidence enough to remove

the cause from the realm of speculation, and give it a solid foundation upon facts, for the harmful effect of which the defendant is responsible." *Childs* v. *American Express Co.* 197 Mass. 337, 338. *Great Falls Manuf. Co.* v. *New York Central & Hudson River Railroad,* 214 Mass. 446. Where there is evidence from which a jury would be warranted in finding negligence in a certain particular "followed by the existence of the very danger which might have been expected to arise therefrom, it cannot be said as matter of law that the plaintiff is bound to go further and to exclude the operation of other possible causes to which conceivably the danger might have been due, instead of having been due to the actual negligence which has been shown." *Brooks* v. *Kinsley Iron & Machine Co.* 202 Mass. 228, 232.

The operation of the established laws of nature in the familiar forms of combustion, the tendency of fire to persist when once started in wood, and the effects of wind on fire, are matters of common knowledge. See *White* v. *Ballou,* 8 Allen, 408. *Higgins* v. *Dewey,* 107 Mass. 494. *Pulsifer* v. *Berry,* 87 Maine, 405. *Boothby* v. *Lacasse,* 94 Maine, 392, 394.

The defendant having moved for a directed verdict on each count, the general verdict for the plaintiffs can be sustained only in case there was evidence for the jury on each count. *Kilberg* v. *Berry,* 166 Mass. 488. *James* v. *Boston Elevated Railway,* 201 Mass. 263. It was for the jury to say from their general knowledge whether a fire which existed on April 28 in this pile of ties might smoulder for four days and then be communicated to the grass and neighboring woodland. *Pulsifer* v. *Berry, supra.* In addition to the jurors' general knowledge of fires, there was evidence from which they could have found that the fire seen in these ties on May 2 remained alive from that time until May 4 when the pile was about one half consumed, and this fact may have aided them in inferring that the fire could have smouldered or remained alive in the ties from April 28 to May 2.

The jury had a right to consider that the fire was upon the defendant's right of way, and that no cause of a fire in this pile of ties on May 2 was shown by the evidence except the

admitted fact of the fire on April 28.   Under all the circumstances the fact that the fire appeared in the same pile of ties which were burning four days before is some evidence that it was the same fire.   It was for the jury to say upon all the evidence whether the fire in the ties on the defendant's premises caused the plaintiffs' damage and was the same fire which on the admitted evidence was communicated to those ties four days before from a fire set by the defendant's servants, in the performance of their duties.

In deciding whether the fire burning on the afternoon of April 28 was extinguished, the jury had a right to consider the testimony of the section hands that they used a sprinkler can with water to put out the fire, and the significance of the fact that smouldering coals were found in the bottom of the pile on May 2, in connection with the testimony of the railroad employees that on April 28 the ties were burned on top mostly, that some were burned so badly that they fell in, and that they worked two hours to put out the fire.   Greater care might be required to extinguish or control the fire in the ties because combustible material like grass which might communicate a fire to adjoining land was near them.   And the dryness of the ground caused by the almost entire absence of rain for seven days was a material fact to be considered on the question of the care required by the defendant's employees in guarding and controlling a fire upon its premises.

The jury could have disbelieved the evidence that the fire was extinguished on April 28.   It is well established that "Mere disbelief of denials of facts which must be proved is not the equivalent of affirmative evidence in support of those facts."   *Cruzan* v. *New York Central & Hudson River Railroad*, 227 Mass. 594, 597.   But the inferences could be drawn by the jury from the positive evidence of a fire in the pile of ties.   If they believed the evidence that the fire was extinguished on April 28, the plaintiffs would have no case.   If they disbelieved this evidence they would then base their conclusions on the positive evidence of a fire in the ties on that date and would have a right to make such

rational inferences from the existence of that fire as were justified when all the evidence was considered.

Cases like *Whitney* v. *Lowell,* 151 Mass. 212, are to be distinguished in their facts from the case here to be decided.

From the foregoing discussion it appears that the jury could have found upon the evidence that the fire in the ties communicated from that set by the defendant's agents was left unextinguished, and continued to burn from April 28 to May 2, and then spread from the defendant's ties to the plaintiffs' property; and if they so found they could have inferred that the defendant was negligent while burning ties, as alleged in the first count; and negligent in not stopping and controlling the fire, as alleged in the second count; and they could reach these conclusions not upon conjecture or surmise, but upon facts proved and rational inferences to be drawn therefrom. The requests for rulings relating to these several matters, the motions for directed verdicts and the general requests for rulings were properly denied. No useful purpose would be accomplished by stating in further detail the exceptions saved. All of them have been considered, and in so far as they require discussion have been dealt with in the opinion. No reversible error is disclosed by the record.

*Exceptions overruled.*