DEERFOOT FARMS, INC. *vs.* THE NEW YORK, NEW HAVEN and HARTFORD RAILROAD COMPANY.

Suffolk. December 5, 1950. — February 14, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Fire. Railroad,* Fire. *Negligence,* Fire; Railroad: fire. *Proximate Cause. Evidence,* Matter of common knowledge.

It was a matter of common knowledge that, with the wind blowing at ten miles an hour toward a building from a nearby grass fire, sparks might rise eight or nine feet in the air and drift into the building through broken window panes.

Deerfoot Farms, Inc. *v.* New York, New Haven & Hartford Railroad.

A finding that a fire in a building adjacent to the location of a railroad was caused by negligence of employees of the railroad was warranted by evidence that shortly after the employees had finished burning grass near and up to the building, with the wind blowing at ten miles an hour from the fire toward the building, flames were observed coming from a window with broken panes situated eight or nine feet from the ground and close to cardboard cartons stacked inside the building.

TORT. Writ in the Superior Court dated March 16, 1949.

The action was heard by *Nagle*, J.

*N. W. Deering*, for the defendant.

*C. W. O'Brien*, for the plaintiff.

WILLIAMS, J. This is an action of tort to recover damages for the burning of a building and its contents in Southborough on March 28, 1947, alleged to have been caused by the negligence of the defendant. A judge sitting without jury found for the plaintiff. The defendant's exceptions to the denial of its requests for rulings raise the question of the sufficiency of the evidence to warrant the finding.

The burned building, which was a warehouse owned and occupied by the plaintiff, was located on the easterly boundary of the defendant's tracks and right of way which at that place ran approximately north and south. The warehouse was of one story, built on a cement foundation with cement and wooden walls and a tar and gravel roof. The cement part of the walls extended to a height about six feet from the ground. There were three windows in the back or westerly side of the building facing the railroad, eight or nine feet from the ground. In the middle window three or four panes of glass were broken in the bottom sash and one in the top sash. At the time of the fire the contents of the building consisted of folded cardboard cartons packed in bundles of twenty-five, and folded waxed cardboard boxes, in cartons, used for packing sausages. These cartons and boxes were stacked along the entire rear of the building to a height above the rear windows. There was a large front door in the building on its easterly side which was kept open during the day, and from this door an aisle ran back almost to the rear wall through the bundles of cartons. Employees of the plaintiff customarily went into the build-

327 Mass. 51 53

Deerfoot Farms, Inc. *v.* New York, New Haven & Hartford Railroad.

ing to get supplies when needed. On the day of the fire a gang of the defendant's employees under the direction of a foreman had been burning grass along the right of way. The grass was nine to twelve inches in height, its general character appearing in a photograph which shows grass along the right of way to the north of the burned area. The burning was carried on up to the base of the cement wall of the building. A light wind of about ten miles per hour was blowing from the west or northwest, and smoke from the fire blew toward the building. After burning the grass near the building the defendant's employees continued to burn along the right of way for some distance in a southerly direction and, having wet down the burned area, left the premises. Some ten minutes after their departure flames were observed coming from a broken pane in the rear middle window. The fire consumed substantially the entire building and its contents. Testimony was given by the chief of the local fire department that the "point of origin of the fire" was the center back window. He also testified, without stating in what circumstances, that "he would consider the cardboard cartons highly combustible." An expert for the defendant testified that "it would take about six hundred degrees Fahrenheit to start a fire in material of that kind." Although the improbability that a spark or sparks from burning grass would ignite packed cartons of the nature described is urged, the evidence as to the place where the fire first appeared, that is, between the stacked cartons and the broken rear window, combined with the evidence of the recent burning of grass outside of the window and the prevailing wind, is sufficient in our opinion to warrant a conclusion that the fire was caused by burning material blown through the broken window from the fire outside. For cases involving the communication of fire to the inside of a building see *Wild* v. *Boston & Maine Railroad,* 171 Mass. 245 (through a broken pane of glass); *Highland Foundry Co.* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 403 (through a ventilator or crack in the roof); *Englert* v. *New York, New Haven & Hartford*

*Railroad,* 260 Mass. 535 (through an open window). In these and other railroad cases where the spread of fire is alleged to have been caused by sparks from a locomotive it has generally been held that it is necessary to show by direct evidence the emission of sparks at a time and place not too remote from the time and place of the resulting fire. See *McGinn* v. *Platt,* 177 Mass. 125; *Bowen* v. *Boston & Albany Railroad,* 179 Mass. 524; *Hammond* v. *New York, New Haven & Hartford Railroad,* 211 Mass. 549. Compare *Young* v. *New York, New Haven & Hartford Railroad,* 273 Mass. 567; *Carpenter* v. *Boston & Maine Railroad,* 295 Mass. 103. In these cases the fire escaped from within a locomotive. Clearly the fact of the escape must be proved by evidence. The instant case is distinguishable in that the fire alleged to have caused the damage to the plaintiff's building was a grass fire maintained in the open. The fact that the fire was communicated to other property may reasonably be inferred from common knowledge of the "operation of the established laws of nature in the familiar forms of combustion . . . and the effects of wind on fire." *Gates* v. *Boston & Maine Railroad,* 255 Mass. 297, 302.

There was no testimony other than that given by the defendant's employees as to the care exercised in burning the grass. If their testimony was disbelieved, there was no evidence as to the manner in which the burning was conducted. The plaintiff contends, however, that sufficient evidence of negligence is supplied from the fact that the grass was burned up to the base of the building toward which the wind was blowing and in which there was a window eight or nine feet from the ground containing broken panes of glass. That a bit or bits of burned grass were in fact blown through the broken panes and did start a fire within the building is not determinative of the issue of negligence. This is not a case where the inference of negligence necessarily arises from the event. *Wallace* v. *New York, New Haven & Hartford Railroad,* 208 Mass. 16, 19. Negligence must be predicated on reasonable anticipation by the defendant's employees that burning the grass in the cir-

cumstances might result in the spread of the fire to other property. No expert testimony was introduced that sparks flying from grass with the wind blowing toward the building at ten miles per hour would be likely to rise eight or nine feet in the air and drift into the building, but this likelihood could be found by the exercise of the common knowledge to which reference has been made.

It is settled that one who maintains a fire on his own premises must use reasonable care to prevent the fire spreading to adjacent lands and burning the property of another. *Tourtellot* v. *Rosebrook*, 11 Met. 460. *Higgins* v. *Dewey*, 107 Mass. 494. *Lothrop* v. *Thayer*, 138 Mass. 466, 471. *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297. *Herrick* v. *Springfield*, 288 Mass. 212. *Home Savings Bank* v. *Savransky*, 307 Mass. 601. *Burke* v. *Zatoonian*, 309 Mass. 541. "Proof of the defendant's negligence is the foundation of the plaintiffs' case. . . . While 'the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant, he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable.'" *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297, 301. There was no explanation of the cause of the fire other than the evidence of the facts hereinbefore stated. There were no electric wires or heating equipment in the building.

In our opinion the judge, from his knowledge of the operation of natural forces, could have found that in the circumstances there was a likelihood that sparks of burning grass would be carried by the wind to a height of eight or nine feet, and that the defendant's employees should have anticipated that such sparks might be carried through the opening in the window due to the broken glass. It is not necessary that a defendant should have anticipated the particular manner and direction in which his negligent conduct would cause damage. *Higgins* v. *Dewey*, 107 Mass. 494, 496. *White* v. *Sharpe*, 219 Mass. 393, 396. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 517. *Newlin* v .

*New England Telephone & Telegraph Co.* 316 Mass. 234, 236. *Dennehy* v. *Jordan Marsh Co.* 321 Mass. 78, 80. There was no error in the denial of the defendant's requests.

*Exceptions overruled.*