*Southern District*

**JOSEPH L. DONOVAN ET ALS**
**v.**
**LOUIS H. RUBBO**

*Present*: Nash, P. J., Sgarzi & Kalus, JJ.

Case tried to *Casey, J.* in the District Court of East Norfolk. No. 13330.

Argued: ——————    Decided: ——————

*Kalus, J.* This is an action in tort to recover damages for the burning of a building (a shed) owned by the plaintiffs, alleged to have been caused by the negligence of the defendant. The plaintiffs have a finding and the matter is before us on the question of (a) whether the trial judge was warranted in finding on the evidence that the defendant was negligent, and (b) whether there was error by the trial judge in the disposition of the defendant's requests for rulings.

At the trial the defendant testified substantially as follows. On April 18, 1960, at about 8:30 A.M. the defendant, in the company of one Mr. Puopolo, who owned land adjacent to that of the defendant, began burning brush in a "small" fire started by him on land of Puopolo. At about 12:00 noon he finished burning the brush and the fire was "reduced to ashes"; that "no flame was observable in it and no smoke was coming from it"; that there was no significant wind observed by him while the fire was burning and he did not see any embers or burnt ashes blown from it. He then burned a circular area around the original fire. This too was burnt out, "reduced to ash" and that he saw no ashes or burnt pieces of grass blown from

it during the burning. The entire area encompassed a circle of twenty-five feet in diameter. At 12:00 noon he left the area and went into his house, and at that time the burned area gave off no smoke, there were no burning embers, and the fire previously maintained was "out". He looked as far as he could see and it had not spread in any way outside of the twenty-five foot circle. At about 1:00 P.M. the defendant looked out of a westerly window in his house and observed smoke coming out from the eaves of the plaintiffs' shed. He immediately went to the scene and found that there was a fire inside this building. The fire department was called and the fire was extinguished with resultant damage to the property.

The plaintiff, Mr. Donovan, testified, in part, that after the fire at the shed was extinguished he observed burned area of grass between the area where the defendant's brush fire had burned and the location of the shed.

There was evidence that the property of the plaintiff (312 Essex Street, Weymouth) was located in a general westerly direction from the land of Puopolo and of the defendant (who lived at 229 Essex Street). These three properties abut at the rear of the plaintiff's land, with a fieldstone wall one foot high running along said boundaries. With the exception of the stone, the surrounding area was "grassy in nature".

There was further evidence that the official weather report for the day indicated that the

prevailing wind was in south-southwest direction at an average speed of twenty miles per hour.

At the close of the evidence the defendant duly filed several requests for ruling, among which and now pertinent to this review, are the following:

1. "The evidence does not warrant a finding for the plaintiff."

3. "The evidence does not warrant a finding that the defendant was negligent."

7. "If the evidence is that the defendant acted prudently in guarding and putting out the brush fire he had used to dispose of brush and rubbish, and that after he had put the brush fire out, a fire subsequently broke out in a nearby shed some 30 to 40 feet distant on the land of the plaintiffs, then the evidence is insufficient and the plaintiffs have not maintained the burden of proof and cannot recover from the defendant."

The court denied requests #1 and 3, and as to request #7 the court ruled, "I also disallow request #7 as I find that the defendant was negligent."

We are of the opinion that there was no error.

█ It is well established law that one who maintains a fire in the open must use reasonable care to prevent the fire from spreading to adjacent lands and burning the property of another. *Deerfoot Farms, Inc. v. NY, NH & H RR*, 327 Mass. 51.

■ In order for the plaintiffs to recover they must prove (a) that the fire maintained by the defendant, spread, or was communicated to their property, and (b) that it was the negligence of the defendant that caused the spread of the fire.

■ The evidence in the instant case amply warrants the conclusion that the fire started by the defendant was communicated or spread to the plaintiff's property. There was direct evidence from the plaintiff that he observed burned area from the brush fire to the building of the plaintiff. From this fact and the other evidence, the spread of the fire could be inferred by the court, based on common knowledge of the "operation of the established laws of nature in the familiar forms of combustion . . . and effects of wind on fire." *Gates v. B & M RR,* 255 Mass. 297.

As to the defendant's negligence, here again the evidence clearly warrants the conclusion that the defendant failed to use reasonable care to prevent the spread of the fire.

■ Notwithstanding the defendant's testimony that he extinguished the brush fire, the judge could, as he undoubtedly did, disbelieve the evidence of the defendant that he did so. Mere disbelief of denial of facts which must be proved is not equivalent of affirmative evidence in support of these facts. *Cruzan v. NY Cen. & Hudson River RR,* 227 Mass. 594, 597.

■ But such affirmative evidence was

here well established because it could properly be inferred that the defendant failed or neglected to "put out" the fire when he left at 12:00 noon; and that because of such failure, the fire was rekindled, and with the prevailing wind at 20 miles per hour, (compare defendant's testimony that there was "no significant wind" at the time) within a matter of an hour, it spread to the plaintiff's land and did the damage complained of. These inferences could be drawn by the court from (1) the positive evidence of the admitted brush fire started by the defendant, (2) from the burned area in the path from the brush fire to the plaintiff's land, (3) from the positive evidence of the fire at the plaintiff's shed, and (4) from the fact that there was no evidence as to the cause of the fire except the admitted fact that the fire was started by the defendant. See: *Gates v. RR,* 255 Mass. 297.

The court's disposition of the defendant's requests for rulings was correct. In view of the permissible findings on the evidence, requests #1 & 3 were properly denied, and the special finding by the court that the defendant was negligent was sufficient ground to "disallow" request #7.

Report dismissed.

Cornelius F. Dineen, of Brockton, for the Plaintiff.

Francis K. Belloti, of Quincy, for the Defendant cited: *Tourtellot v. Rosebrook,* 11 Met. 460, 462; *Wallace v. NY, NH & H RR,* 208 Mass. 16.