MICHELE RICCIO, administrator, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Hampden.     September 26, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability. *Railroad.*

There is no duty on the part of a railroad company to give warning of the approach of an engine to a man employed by the company to shovel snow in a large freight yard where trains and engines are passing frequently. Such an employee is expected to look out for himself, and, if he is run down and killed by an engine on a dark, windy and snowy afternoon in winter, the railroad company is not shown to be negligent by a failure on the part of the engineer to sound the whistle or ring the bell before the accident. This is so both at common law and under the law of Connecticut as proved in the case.

TORT, under Gen. Sts. of Conn. § 1094, and at common law, for causing the death, and conscious suffering, of the plaintiff's intestate by the alleged negligence of the defendant in running him down while he was shovelling snow in a freight yard of the defendant in that part of New Haven, in the State of Connecticut, called Cedar Hill, without any warning of the approach of the train drawn by the engine that caused his death. Writ dated April 29, 1904.

In the Superior Court the case was tried before *Maynard*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. Reno*, for the plaintiff.
*W. S. Robinson*, for the defendant.

HAMMOND, J. This is an action to recover damages for injuries resulting in the death of one Bianco, the plaintiff's intestate. At the trial it appeared that at about half past five o'clock

in the afternoon of January 2, 1904, Bianco, while at work shovelling snow in the large freight yard of the defendant at New Haven in the State of Connecticut, was struck by a locomotive engine and mortally hurt.   Snow had been falling all that day, and at the time of the accident was still falling.   The wind was blowing and it was dark.   The evidence tended to show that Bianco had performed similar work there the preceding winter, but it does not appear that he had worked during the winter in question before the day of the accident.   On this day he began about ten o'clock in the morning and worked up to the time of the accident.

We see no negligence on the part of the defendant.   The plaintiff knew that he was at work in a railroad yard where trains and engines are frequently passing.   There was no undertaking upon the part of the defendant to give him warning, but he was expected to look out for himself.   If the engineer failed to sound the whistle or ring the bell, it was not negligence for which the defendant was responsible.   Both by the common law, and by the law of the State of Connecticut as we understand it to be under the decisions of that State which were put in the case as evidence, there is no evidence of negligence of the defendant.   *Morris* v. *Boston & Maine Railroad,* 184 Mass. 368. *Whittlesey* v. *New York, New Haven, & Hartford Railroad,* 77 Conn. 100, and cases cited.

It becomes unnecessary to consider the other grounds of the defence.

*Exceptions overruled.*