CENTRAL R. CO. OF NEW JERSEY v. COLASURDO.

(Circuit Court of Appeals, Second Circuit. December 11, 1911.)

No. 40.

1. MASTER AND SERVANT (§ 213*)—INJURIES TO SERVANT—RAILROADS—TRACK REPAIRERS—ASSUMED RISK.

Where plaintiff, a track repairer in the employ of defendant railroad company, was directed to repair a switch in defendant's terminal late at night, and was struck and injured by certain unlighted cars running at the rate of 10 miles an hour in charge of a single brakeman, kicked back to the station platform without power, or warning or effort to check them until they were within six or eight feet from where plaintiff was working, he did not assume the risk, being entitled to assume that some precaution would be taken to guard him against such extraordinary danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 559–564; Dec. Dig. § 213.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

2. COURTS (§ 289*)—EMPLOYER'S LIABILITY ACT—INTERSTATE COMMERCE—JURISDICTION.

Where a railroad trackman was injured while repairing a switch in defendant's terminal yards at night, over which interstate as well as intrastate commerce was continually transported, and the car by which he was struck was being kicked into the station platform at defendant's Jersey City terminal to carry passengers coming on one of defendant's ferryboats from New York City to a point in New Jersey, plaintiff was engaged in interstate commerce, and was therefore entitled to maintain an action for his injuries under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171.)

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 830; Dec. Dig. § 289.*

What law governs master's liability for injuries to servant, see note to Mexican Cent. Ry. Co. v. Jones, 48 C. C. A. 232.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Michael Colasurdo against the Central Railroad Company of New Jersey. From a judgment awarding plaintiff $7,000 damages for injuries sustained by him while in defendant's employ in repairing a switch in defendant's switchyard, defendant brings error. Affirmed.

See, also, 180 Fed. 832.

De Forest Bros. (Robert Thorne, of counsel), for plaintiff in error. Thomas J. O'Neill, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. [1] On Christmas Day, 1908, the plaintiff was employed by the defendant as a trackwalker. At about 7 o'clock in the evening, it being then dark, the plaintiff and two other employés were engaged in repairing a switch in the Jersey City yard, the work being in charge of Patrick Nighland, a foreman. Nighland was engaged in making the repairs and the plaintiff and Saldero, the other trackwalker, were assisting him, the plaintiff holding a lantern and Saldero a crowbar. Shortly before the accident a train of four cars arrived at the station, where connection is made with defendant's ferryboats for New York. After having discharged its passengers, it was moved out of the yard and was being "kicked" back to the station platform in order that it might take a load of passengers, who had arrived from New York, to Somerville, N. J. It had no motive power and was controlled only by its own brakes. There was testimony from which the jury may have found that this train was not lighted and was running at the rate of ten miles an hour in charge of a single brakeman, that no signal or warning of its approach was given and that the brakes were not applied until the train was but six or eight feet distant. There can be no question that the three men, all of them experienced railroad men, were taken by surprise. Nighland was killed, the plaintiff lost his leg and Saldero escaped. If the testimony of the witness Gallagher be true, it seems incredible that some one of the three did not hear his shouts and whistles or see the lights on the platform of the advancing car. The fact that two of the men were run down is persuasive testimony that the car approached them silently and unseen.

We cannot believe that the risk of being injured in this manner, while engaged in discharging his duty, was assumed by the plaintiff. He assumed the usual and ordinary risks of the calling, but when ordered to repair a track at night he had a right to assume that some precaution would be taken to guard him against extraordinary danger. If a watchman were not stationed to warn him of the approach of trains, he at least had a right to expect that a train would not back down upon him with no notice of its approach and no attempt to apply the brakes until only eight feet distant.

We have no doubt, if the federal liability act is applicable, that a cause of action was established, for under it contributory negligence

is not defense and the defendant was liable for the negligence of its employés Nighland and Gallagher.

[2] The remaining question is one of jurisdiction. The employer's liability act approved April 22, 1908 (U. S. Stat. L. vol. 35, pt. 1, p. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]), provides, in so far as it is applicable to the case at bar, as follows:

"That every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

*    *    *    *    *    *    *    *    *    *

"Sec. 3. That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employee, * * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case when the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

The Circuit Court could retain the action only upon the theory that it was properly brought under this act of Congress. The only debatable question is, Did the plaintiff receive his injury while employed by the defendant in interstate commerce? Though the question is not free from doubt, we think it should be answered in the affirmative. The car which struck the plaintiff was employed in interstate commerce; it connected with defendant's ferryboats at Jersey City and passengers from New York to Somerville, N. J., and vice versa, were transported in it. The track and switch in question were used by engines and cars so engaged.

We think the statute was intended to apply to every carrier while engaging in interstate commerce, and to an employé of such carrier while so engaged, and, if these conditions concur, the fact that the carrier and the employé may also be engaged in intrastate commerce is immaterial. The plaintiff was repairing an interstate road over which interstate passengers and freight and cars and engines engaged in interstate commerce were constantly passing. This subject was carefully considered by Judge Hand upon the motion for a new trial and we agree with him in the conclusion reached, that the action was maintainable under the act.

Several exceptions relating to the exclusion of testimony are argued, but we think that the action of the court in sustaining the objection was clearly right and requires no discussion.

The judgment is affirmed with costs.