### NEW YORK, N. H. & H. R. CO. v. PONTILLO.
(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

No. 111.

MASTER AND SERVANT (§ 137*)—NEGLIGENCE.

> Where decedent, a track walker in defendant's employ, was walking between defendant's main track and a siding, in the clear, as defendant's train approached him from the rear on the main track, and there was nothing to indicate to the fireman, who observed him for a quarter of a mile, that he intended to step on the track in front of the engine, as he did just prior to his being struck and killed, the fireman was not negligent in failing to signal the engineer to blow the whistle to attract decedent's attention to the approaching train.
>
> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. § 137.*]

In Error to the District Court of the United States for the District of Connecticut; James L. Martin, Judge.

Action by Rosie Pontillo, as administratrix of Angelo Pontillo, deceased, against the New York, New Haven & Hartford Railroad Company. The action was brought under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]) to recover for defendant's alleged negligence in causing the death of plaintiff's intestate, who, at the time he was killed, was a track walker on defendant's road at Hartford, Conn. A verdict for $4,000 was rendered in favor of plaintiff, and defendant brings error. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph F. Berry and William C. Mitchell, both of New Haven, Conn., for plaintiff in error.

Clement Scott and Ralph O. Wells, both of Hartford, Conn., for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. Angelo Pontillo, the plaintiff's intestate, had been a track walker for about 12 years. On the day of the accident he was walking in the middle of the space between the main track, on which the engine which killed him was approaching, and a siding. His back was towards the engine and at no time did he look behind him. The space between the two tracks was between 7 and 8 feet. The engine which struck him was drawing the regular train from Danbury to Hartford. The train was running on time and at the usual speed of about 15 miles an hour. As the track curved, the engineer, on the right side of the engine, was unable at any time to see Pontillo. The fireman saw him, but at all times, until just prior to the accident, he was walking between the two tracks and was in a place of safety. The engine bell was ringing at the time of the accident, and had been ringing for a long distance prior thereto. When the engine was about 10 feet from him, Pontillo shifted his position, stepped directly in front of the engine and was killed.

The trial judge tersely states the question as follows:

"Plaintiff places her right of action upon the failure of the fireman to ask the engineer to sound the whistle."

The court charged the jury, inter alia, as follows:

"The fireman was ringing the bell, the train was on time; the other train that was spoken of was on time going out. The fireman sees a man walking the track in a place where, if he had kept his position, he was perfectly safe. Now, was it negligence on his part in not guessing that that man would step out of a safe place on to the track that that train was running on, due that very minute? Not, was it an error of judgment. He may not judge right as to what a man will do, but was it negligence? If it was only an error of judgment, why, even if the master was there, that would not of itself be negligence. Was it negligence on his part if he did not say to the engineer, 'There is a man on ahead here, although walking where he is safe now, he may step off the track, and you better sound the whistle.' It comes right down to that. So, if you say that was negligence, why, then you may find a verdict for the plaintiff."

Assuming that the defendant would be liable for the negligence of the fireman, we are unable to find any negligence on his part. The train was on time, running at its usual rate of speed.

The engineer and the fireman were in their proper places; both were looking ahead and the latter was ringing the engine bell. The fireman saw a long distance ahead, between the main track and a side track, a man walking in the same direction that the engine was going. It is true that he testifies that at the time he did not know that this man was a track walker. It may be assumed that he was clad in laborers' garments and was carrying the hammer and wrench used in track repairing. However this may be, he was in a position where an ordinary citizen had no right to be and the fireman was, at least, justi-

fied in assuming that the man he saw walking ahead was familiar with the general situation. The natural inference for the fireman to draw was that, being in a safe place, he would stay there. If the fireman were required to go further in his precautions, he would naturally assume that if the man stepped upon either track it would be on the siding and not the main track. The contingency that he would step out on the main track directly in front of a passenger train at the precise moment that it was due at that point without turning his head, seems too remote to be seriously considered. But assume that the fireman should have considered it, what could he have done? When the engine was a quarter of a mile distant there was no occasion for apprehension; as they approached nearer there was nothing to indicate that Pontillo intended to step on the track in front of the engine and the fireman had no reason to suppose that he would do so. The only suggestion is that he might have signaled the engineer to blow the whistle, but he might well have hesitated before giving such a signal. Had he done so, and Pontillo, alarmed by the sudden shriek directly behind him, had jumped to the right and had been killed, it is probable that the sounding of the whistle would have been urged as an act of the grossest negligence. In other words, we think negligence cannot be predicated of the fireman's failure to signal the engineer to give a signal which might have converted a condition of safety into one of great peril. We cannot believe that a railroad company is required to take such extraordinary and speculative precautions as are here suggested.

The judgment is reversed.