SECOND DISTRICT—OCTOBER, 1915.        75

Dunlavy v. Chicago, Burlington & Quincy R. Co., 200 Ill. App. 75.

## Winifred Dunlavy, Administratrix, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

### Gen. No. 6,081.

1. MASTER AND SERVANT, § 98*—*when remedy under Federal Employers' Liability Act exclusive.* Where an action for personal injuries by a servant is within the meaning and scope of the Federal Employers' Liability Act, the master's liability is exclusively governed by the Federal statute and no action can be maintained under the State law.

2. COMMERCE, § 4*—*when evidence sufficient to sustain finding that flagman struck by interstate car.* In an action by a crossing flagman stationed at the intersection of two railroads, for personal injuries sustained while trying to stop a horse and vehicle from crossing the tracks, the gates for which were out of use, evidence *held* sufficient to sustain a finding that plaintiff was struck by one of defendant's loaded cars coming from another State which were being pushed on a side track to be unloaded.

3. COMMERCE, § 4*—*when crossing flagman employed in interstate commerce at time of injury.* A crossing flagman who, in the absence of proper gates to prevent the crossing of teams, attempts to prevent a team from crossing and is struck by a car coming from another State, which is being "shunted" on a side track for the purpose of unloading by the consignee, is engaged in interstate commerce within the Federal Employers' Liability Act.

4. COMMERCE, § 4*—*when servant engaged in interstate commerce.* It is not necessary that a coemployee whose negligence causes the injury to an employee of a railroad be also actually employed in interstate commerce to bring the injured employee within the Federal Employers' Liability Act, where the latter is employed in interstate commerce.

5. MASTER AND SERVANT, § 98*—*when evidence sufficient to sustain finding that defendant is a railroad and common carrier.* In an action against an alleged railroad for damages for injuries to a crossing flagman in its employ, evidence *held* sufficient to sustain a finding that defendant was in fact a railroad and a common carrier.

6. EVIDENCE, § 5*—*when judicial notice taken of statute granting railroad charter and amendments.* Judicial notice will be taken of a statute granting the charter of a railroad constituting part of the public laws and of amendatory acts changing its name.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Dunlavy v. Chicago, Burlington & Quincy R. Co., 200 Ill. App. 75.

7. MASTER AND SERVANT, § 566*—*when recovery may not be had under State law in action for personal injuries.* A recovery cannot be had by a servant for injuries under a State law on pleadings counting only on that law, when the evidence discloses that the case is controlled by the Federal Employers' Liability Act.

8. MASTER AND SERVANT, § 834*—*when defendant not estopped to raise question of variance between pleading and proof.* The defendant in an action by a servant of an interstate railroad to recover damages for personal injuries under the State law is not estopped on appeal to raise the question of variance between the pleading and the proof, showing the right of action under the Federal law, where he was refused a peremptory instruction, and a requested instruction that the Federal law controlled was refused, and such point was also made on a motion for new trial.

9. MASTER AND SERVANT, § 98*—*how provision of Federal statute relative to nonassumption of risk construed.* The Federal statutes only were intended by the phrase "any statute enacted for the safety of employees," in the Federal Employers' Liability Act, section 4 providing that the "employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any Statute enacted for the safety of employees contributed to the injury or death of such employee."

10. MASTER AND SERVANT, § 98*—*what decision controlling in questions involving Federal Employers' Liability Act.* The decisions of the United States Supreme Court are the final authority on questions involving the Federal Employers' Liability Act, and must be taken as a guide in determining what force and effect State statutes and ordinances have in determining liability arising thereunder.

11. MASTER AND SERVANT, § 835*—*when judgment in case erroneously framed under State law reversed.* Where, as is developed by the evidence, an action by a servant for personal injuries is erroneously framed under the State law instead of under the Federal Employers' Liability Act, a judgment for plaintiff must be reversed.

## On Rehearing.

APPEAL AND ERROR, § 1236*—*when party trying case on one theory estopped to claim that case tried on wrong theory.* A party plaintiff, who tries a case upon the theory that he is the servant of the defendant and procures a judgment in the court below based upon such theory, and in his argument and statement of the case at the original hearing on appeal proceeds on such assumption, will not be heard to complain on rehearing after reversal of the judgment that the case was tried on a wrong theory and that he was not in fact a servant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Rock Island county; the Hon.
ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the
April term, 1915. Reversed and remanded. Opinion filed October
20, 1915. Rehearing granted and additional opinion filed April 14,
1916.

WALKER, INGRAM & SWEENEY, for appellant; CHESTER
M. DAWES and J. A. CONNELL, of counsel.

W. R. MOORE, CYRUS E. DIETZ and THOMAS P. SIN-
NETT, for appellee.

MR. JUSTICE CARNES delivered the opinion of the
court.

James Dunlavy was on July 19, 1912, employed by
the Chicago, Burlington & Quincy Railroad Company,
the appellant, and the Chicago Rock Island & Pacific
Railway Company, as flagman at the crossing of the
roads of those companies of a public street in the City
of Moline, Rock Island county, Illinois, and while so
employed was struck by a freight car that was being
"shunted" or pushed by appellant's servants on its
track crossing that street, and received injuries from
which he died. His widow, Winifred Dunlavy, the
appellee, as administratrix of his estate, brought this
action in the Circuit Court of Rock Island county to
recover for his death. She filed a declaration, which
as amended contained counts on common-law negli-
gence and liability under the laws of this State, and
counts charging liability under the Federal Employ-
ers' Liability Act. Appellant pleaded the general
issue and a jury was impaneled to try the cause. At
the close of all the evidence appellant asked for a
directed verdict in its favor, whereupon appellee dis-
missed all counts of the declaration drawn under the
Federal act. Appellant renewed its motion for a di-
rected verdict, which was denied, and there was a
verdict and judgment thereon against appellant for
$3,150, from which judgment this appeal is prose-

cuted, and a reversal is asked, mainly on the ground that the cause is comprehended within the meaning and scope of the Federal Employers' Liability Act. If it is, then appellant's liability is exclusively governed by the Federal statute, and no action can be maintained under our State law. This is held and the authorities so thoroughly reviewed in the late case of *Staley v. Illinois Cent. R. Co.*, 268 Ill. 356, that we refer to the opinion of the court in that case without repeating what is there said. That part of the Federal act especially applicable to questions here arising is quoted on page 366 of that opinion. The question is, as said in *New York Cent. & H. River R. Co. v. Carr*, 238 U. S. 260, 9 N. C. C. A. 1 (35 Sup. Ct. Rep. 780): "Whether, at the time of the injury, the employee is engaged in interstate business, or in an act which is so directly and immediately connected with such business as substantially to form a part or a necessary incident thereof.    *    *    *    The scope of the statute is so broad that it covers a vast field about which there can be no discussion. But    *    *    *    the courts are constantly called upon to decide close questions where it is difficult to define the line which divides the State from the interstate business.    *    *    *    But the matter is not to be decided by considering the physical position of the employee at the time of the injury. If he is hurt in the course of his employment while going to a car to perform an interstate duty, or if he is injured while preparing an engine for an interstate trip, he is entitled to the benefits of the Federal act, although the accident occurred prior to the actual coupling of the engine to the interstate cars." In that case an employee was injured while attempting to set a brake on an interstate car which had been cut out of the train and backed into a siding, but because it was necessary to set such brake in order that the engine to which the car was attached might, when uncoupled, return to the train and proceed on its interstate jour-

ney, he was held to be employed in interstate commerce at the time of his injury.

The street where appellee's intestate was injured was crossed by the main track of the Rock Island road and the main track and several switch tracks of appellant's road, the switch tracks used in part, if not entirely, to serve the Moline Plow Company's factory located near by. There was an ordinance of the City of Moline requiring gates to be maintained at this crossing, and there had for some time been two gates about one hundred feet apart, one on the south of the Rock Island tracks, and one on the north of appellant's tracks, maintained and operated to guard the crossing. Deceased had worked as a flagman for a year or more, and these gates being out of use, he had at the time of his injury been working about a month at that crossing. His duty was the usual one of a railway flagman at a street crossing. He was in the employ of both roads and guarding the street crossing, on approach of trains of either road. Appellant was then using two of its tracks at and near this street crossing in delivering two carloads of malleable iron which had been shipped from Milwaukee, Wisconsin to the Moline Plow Company; and to effect the delivery it was necessarily moving two empty cars from the premises of the Moline Plow Company to make place for them. It is claimed by appellant, and we think the evidence sustains its contention, that deceased was struck by one of the loaded cars; but it is claimed by appellee that the evidence, at least, leaves it in doubt, whether it was one of the loaded cars or one of the empty cars that struck him. However that may be, there is no question that he was injured in the operation of delivering two loaded cars that had been shipped from the State of Wisconsin, and whether he was injured while appellant was trying to make a place for that delivery by removing two empty cars that were in the way, or by the two loaded cars that

were being pushed into the place after it was cleared, is not, in our opinion, very material. Deceased was at the time trying to stop a horse and vehicle that was on the street crossing driving across the tracks, and while so doing was struck by the car that was being "shunted" across the street; which means that it was pushed across the street by placing a stake or bar between the head of the engine and the car and in that way setting the car in motion.

It is true that to come within the Federal statute the carrier must be engaged in interstate commerce and the injured servant be then employed by it in such commerce; but the servant could not so be employed if its master was not engaged in interstate commerce, therefore to say that the servant at the time of his injury was employed in interstate commerce means that his master was also so engaged. It has been held that a servant is engaged in interstate commerce while repairing a switch on tracks used indiscriminately for both kinds of commerce, and that it is immaterial whether the train that struck him was engaged in that commerce or not. *Central R. Co. of New Jersey v. Colasurdo,* 113 C. C. A. 379, 192 Fed. 901. A carpenter repairing a bridge over which both kinds of commerce are carried, if injured under such circumstances, cannot take his choice of remedy under the State and Federal law, for he is engaged in interstate commerce, and the national act is exclusive. *Pedersen v. Delaware, L. & W. R. Co.,* 229 U. S. 146 [3 N. C. C. A. 779]. All section men and track laborers working on any part of the track or switches used by a common carrier by railroad, indiscriminately both in interstate and intrastate commerce, are employed in interstate commerce within the meaning of the Federal act. *San Pedro, L. A. & S. L. R. Co. v. Davide,* 127 C. C. A. 454, 210 Fed. 870; *Central R. Co. of New Jersey v. Colasurdo, supra; Zikos v. Oregon R. & Nav. Co.,* 179 Fed. 893. A fireman on a locomotive engine repairing

his engine for an interstate trip is, while so engaged, protected by the national act, although the engine had not been coupled to the cars of the train. *North Carolina R. Co. v. Zachary,* 232 U. S. 248 [9 N. C. C. A. 109]. Yard clerks in the employ of common carriers by railroad while inspecting and making a record of the seals on car doors, putting labels on cars to guide switching crews, etc., are employed in interstate commerce if trains upon which they are so working have any cars containing interstate commerce. *St. Louis, S. F. & T. R. Co. v. Seale,* 229 U. S. 156. It is not essential, where the negligence complained of was that of a coemployee, that he must also be employed in interstate commerce. *Pedersen* case, *supra.* We are of opinion that deceased was employed in interstate commerce at the time of his injury if appellant was then so engaged, and that in so holding, under the facts of this case, we are not in conflict with the holdings of the courts in *Patry v. Chicago & W. I. R. Co.,* 265 Ill. 310; and in *Illinois Cent. R. Co. v. Behrens,* 233 U. S. 473 [10 N. C. C. A. 153], under the facts in those cases. It is true that it must appear that the railroad is operated as a common carrier. *Atchison, T. & S. F. Ry. Co. v. Victoria, F. & W. R. Co.,* 234 U. S. 1. Appellee insists that there is no proof in the record that appellant was engaged in interstate commerce or was a common carrier at the time in question, and suggests that it may have been, so far as the record shows, a company engaged in switching cars, and not an interstate railroad or a railroad engaged in interstate business. We will not stop to inquire what might be the character of a corporation engaged only in switching interstate freight to its consignee. It is to be observed that the fact that appellant is an interstate railroad is one of general knowledge, but whether courts may take judicial notice of that fact is not free from doubt. But we think the record discloses sufficient facts to warrant a finding from the evidence that appellant is

a railroad and a common carrier, and avoid the absurdity of letting the case go off on a presumption that it is a corporation engaged only in switching cars in the City of Moline. Appellee offered proof that appellant was a railroad, operated as such, that it had a main track and several side tracks, that the City of Moline had recognized it as a railroad and passed ordinances regulating its operation; and we take judicial notice of the act granting its charter, which was declared a Public Act (Laws of 1849, p. 96), and we think we may take notice of amendatory acts changing its name. We are inclined to give weight to slight proof, if necessary, to establish a fact of such general knowledge, and one that we must know could have been readily established had attention been called to it on the trial. We therefore conclude that appellee's intestate was at the time of his injury employed in interstate commerce and that the liability of appellant is entirely fixed and governed by the Federal act.

It is urged by appellee that there is no issue in the case whether deceased was at the time of his injury engaged in interstate commerce. This contention is based on the theory that a defendant sued under the State law should in its plea or answer set up facts showing it was engaged in interstate commerce at the time in question. The consideration that the defendant would ordinarily know whether it was so engaged and the injured employee might not know, or have means of knowledge of that fact, gives much support to the contention that the defendant should, as a matter of fairness, be required to give notice by its pleadings of such a defense, and some courts have so held; but it is not now an open question. The court in *St. Louis, S. F. & T. R. Co. v. Seale*, 229 U. S. 156, held, and in *Toledo, St. L. & W. R. Co. v. Slavin*, 236 U. S. 454, reaffirmed, that a recovery cannot be had under a State law on pleadings counting only on that law when

the evidence develops that the case is controlled by the
Federal statute, on the ground that "the case pleaded
was not proved and the case proved was not pleaded."
This answers many contentions of appellee that appel-
lant is estopped to raise the question here.  The ap-
pellant, as we have seen, asked and was refused a
peremptory instruction.  It also asked and was refused
instructions that the Federal act only controlled, and
it made the point on its motion for a new trial, which
seems to be more than was required under the above
cited authorities.

There is much discussion by appellee of two ordi-
nances of the City of Moline which she pleaded and
gave in evidence, one in regard to gates at the crossing,
and the other as to "shunting" cars, each of which
it is claimed appellant violated, and was thereby guilty
of negligence that caused the injury.  It is stated again
and again in varying language, in the authorities be-
fore cited, that the Federal act supersedes all State
laws on the subject and controls all cases that fall
within its provisions.  Section 4 of the Act provides
that the "employee shall not be held to have assumed
the risks of his employment in any case where the
violation by such common carrier of any Statute en-
acted for the safety of employees contributed to the
injury or death of such employee."  The court in *Sea-
board Air Line Ry. v. Horton*, 233 U. S. 492 [8 N. C.
C. A. 834], held that the phrase "any statute enacted
for the safety of employees" meant Federal statutes
and said: "It is not to be conceived that, in enacting
a general law for establishing and enforcing the re-
sponsibility of common carriers by railroad to their
employees in interstate commerce, Congress intended
to permit the legislatures of the several States to de-
termine the effect of contributory negligence and
assumption of risk, by enacting statutes for the safety
of employees, since this would in effect relegate to

State control two of the essential factors that determine the responsibility of the employer.'' This expression of the United States Supreme Court, which is the final authority on questions arising under the Federal act, must be taken as a guide in determining what force and effect State statutes and municipal ordinances have in determining questions of liability arising thereunder.

It is not claimed by appellee that any count of the declaration on which judgment was entered avers sufficient facts to sustain a judgment under the Federal statute, therefore the judgment must be reversed. We will not attempt to notice in detail other errors discussed in the briefs; they are not likely, if they are errors, to occur on another trial. We express no opinion on any issue of fact other than we have before stated. The cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

## ON REHEARING.

PER CURIAM. On rehearing we adhere to our conclusions expressed in the foregoing opinion. Appellee asks us now to consider whether the intestate was employed by appellant at the time in question, and points out evidence in the record showing that he was employed by the Chicago, Rock Island and Pacific Railway Company to protect both the Rock Island road and the C., B. & Q. road crossings at that place, and that the Rock Island road paid him and billed against the Q. for their part of the charge for his services, and argues from that fact that deceased was not in the employ of appellant and therefore was not employed by it in interstate commerce.

Appellee's declaration, on which the case was tried, charged that the deceased was an employee of appellant. The court, at appellee's instance, repeatedly

instructed the jury on the theory that deceased was so employed. In appellee's original argument here, in her statement of the case, she six times asserted and mentioned that deceased was employed by appellant. The case was begun and tried in the court below on that theory and presented to this court and decided on appellee's construction of the employment. Her counsel say now that they overlooked and misapprehended the fact as to the employment, and that the trial court and this court have followed them in that error. Under those circumstances we are not inclined to question that deceased was in the employ of appellant at the time in question. If he was not, entirely different questions arise that have not been argued or hardly touched upon. It was the duty of appellee's intestate to guard the crossing against the approach of appellant's cars. If he was not appellant's employee, some questions arise similar to those considered in *Doering v. Peoria & P. U. Ry. Co.,* 196 Ill. App. 129.

Whether the same conclusion should be reached, we express no opinion. The original will be filed with this supplemental as a final opinion in the case.