MINERVA B. CRUZAN, administratrix, *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Suffolk.    January 8, 1917. — June 30, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Negligence,* Employer's liability, Federal employers' liability act, Causing death. *Evidence,* Presumptions and burden of proof.

At the trial of an action under the federal employers' liability act by an administrator against a railroad corporation to recover for the death of the plaintiff's intestate, there was evidence that the intestate, in the discharge of his duties as "head-end" brakeman upon a freight train which was backing upon a side track, was descending a ladder at the side of a freight car, was looking toward the back of his train and was stooping on the stirrup at the bottom of the ladder just before jumping, when he was struck by an express train which had approached on a parallel track from toward the front of his train at the rate of sixty miles an hour over a track with a clear view for twelve hundred feet; that there were rules of the corporation that "Employees are warned that . . . trains may run on any track in either direction without notice. . . . Employees must govern themselves accordingly, and exercise proper care to avoid being injured," and that firemen and helpers "must keep a constant lookout ahead . . . and give instant notice to the engineman . . . of any danger signals or obstructions on the track." The fireman and engineman of the express train both testified that they did not see the intestate earlier than an instant before he was struck. *Held,* that the evidence would not warrant a finding that either the fireman or the engineman of the express train saw the intestate on the side of the freight car in

time to do anything for his safety, or that there was any obligation resting upon either of them to be looking outside of the track and its controlling signals and the other factors of safety of the train for which they were directly responsible; and therefore that a finding was not warranted that the death of the intestate resulted in whole or in part from negligence of either of them.

Mere disbelief by a jury of denials of facts which must be proved by a plaintiff is not the equivalent of affirmative evidence in support of those facts and will not warrant the jury in finding the existence of the facts.

At the trial of the above described action the engineman of the express train testified in substance that, if a man were on the side of a freight car and he saw him six hundred or a thousand feet away, it would be his duty to blow a whistle. *Held*, that such testimony did not tend to show that it was his duty or that of the fireman to be on the lookout for men in that position on freight cars along the line of his track.

Tort under the federal employers' liability act to recover for the death of the plaintiff's intestate, Leon L. Cruzan, the declaration containing two counts, the first count alleging as the cause of the death "negligence in whole or in part of one of the officers, agents or employees of the defendant," while the second count alleged as such cause "a defect or insufficiency due to the negligence of the defendant in its cars, engines, appliances, machinery, track, roadbed or other equipment." Writ dated May 14, 1915.

In the Superior Court the action was tried before *Chase*, J. The material evidence is described in the opinion. The judge ordered a verdict for the defendant upon the second count of the declaration and refused to rule, as requested by the defendant at the close of the evidence, that the plaintiff could not recover on the first count. The jury found for the plaintiff on the first count in the sum of $7,000; and the defendant alleged exceptions.

*G. L. Mayberry*, (*F. A. Jenks* with him,) for the defendant.

*James J. McCarthy*, (*T. C. O'Brien* with him,) for the plaintiff.

Rugg, C. J. This is an action of tort under the federal employers' liability act to recover damages for the death of Leon L. Cruzan for the benefit of his widow and two minor children. The circumstances of his injury were these: He was acting as "head-end" brakeman on a freight train about twelve hundred feet long on the main eastbound or southerly of the two main tracks of the defendant, which had been ordered to back upon a siding southerly of the track it was on at Brookfield, in order to let a faster following train pass it. The conductor at the rear of the train set the switch so that the freight train could go upon the

siding and gave a signal to the deceased standing upon the top of about the fourth car from the locomotive, whose duty it was to give the "back up" signal to the engineer, then to get on the ground and set the switch of the siding after his train had passed wholly on to the siding, so that the main line track would be clear for the fast train following. His train began backing on to the siding at a rate of about five or six miles an hour. He came down a ladder on the northerly side of the car and, while doing this, was struck by the locomotive of a regular passenger express train moving at the rate of about sixty miles an hour westerly on the northerly of the two main tracks, and was fatally injured.

There was an overhead bridge under which the freight was backing. The deceased was facing to the rear of his train and not looking in the direction from which the fast passenger express train was approaching. There was evidence tending to show that the position of the deceased, when struck, was part way down the side of a car, which had not quite reached the switch, standing out from the car with his left foot in the stirrup in the side of the ladder and holding on to a rung of the ladder with his left hand, in a stooping position with his knees bent, and was about to jump off on to the ground.

A rule of the defendant was that "Employees are warned that . . . trains may run on any track in either direction without notice. . . . Employees must be governed accordingly, and exercise proper care to avoid being injured." There was evidence tending to show that the track was substantially straight for about twelve hundred feet east from the bridge and in plain view from the locomotive of the express train.

This action is brought under the federal employers' liability act. That act in the field covered by it supersedes all State statutes. *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, where it is printed in full. By § 2 the interstate carrier is liable for the injury or death of its employee occurring while engaged in interstate commerce and "resulting in whole or in part from the negligence of any of" its employees. The only negligence alleged in the case at bar is that of the fireman and engineer of the passenger express train. We are of opinion that there is no evidence of negligence on the part of either. There is nothing to indicate that it was their duty to be observant of the move-

ments of brakemen upon other trains in the position in which Cruzan was. The only rule pertinent in this connection was this: "Firemen and Helpers. . . . They must keep a constant lookout ahead (except as to firemen when engaged in firing), and give instant notice to the engineman or motorman of any danger signals or obstructions on the track." It is manifest that this rule relates only to the safety of the train on which they are at work. It imposes no duty to be on the watch for other employees on other tracks and trains. The duty of exercising care for their own safety was placed by explicit rule upon such other employees. There can be no negligence in the ordinary case when no duty has been violated. It is manifest that the danger of Cruzan was momentary. So long as he kept close to the car even coming down the ladder on its side, he was in a safe place. It was only for the instant when he swung out from the body of the car as he was on the point of jumping to the ground that he came within the sweep of the rapidly moving express train. It may be assumed that, if the fireman or engineer of the passenger express train had seen Cruzan in a place of danger and had failed to use care to protect him, there would have been evidence of their negligence. But there was no evidence that either the engineer or fireman saw Cruzan in time to give him any warning. Both testified that they did not see him earlier than an instant before he was struck. Mere disbelief of denials of facts which must be proved is not the equivalent of affirmative evidence in support of those facts. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 177. *Southern Railway* v. *Gray,* 241 U. S. 333, 337.

The governing rule of law may be stated by a slight paraphrase, in order to render it applicable to these facts, of what was said in *Aerkfetz* v. *Humphreys,* 145 U. S. 418, at page 420: the persons in charge of the express train had a right to act on the belief that the various brakemen upon freight trains along the line, familiar with the continuously recurring movement of trains, would take reasonable precautions against their approach. *New York, New Haven, & Hartford Railroad* v. *Pontillo,* 128 C. C. A. 573. *Hogan* v. *New York Central & Hudson River Railroad,* 139 C. C. A. 328. The case is like *Gillis* v. *New York, New Haven, & Hartford Railroad,* 224 Mass. 541, 549, in respect of the negligence of the fireman there alleged. It is similiar to *Shepard* v. *Boston & Maine Rail-*

*road,* 158 Mass. 174, *Gilgan* v. *New York, New Haven, & Hartford Railroad,* 185 Mass. 139, *Riccio* v. *New York, New Haven, & Hartford Railroad,* 189 Mass. 358, *Morris* v. *Boston & Maine Railroad,* 184 Mass. 368, *Dacey* v. *Boston & Maine Railroad,* 191 Mass. 44.

The testimony of the engineer in substance that it would have been his duty to blow the whistle if a man were on the side of a freight car and he saw him six hundred or a thousand feet away does not tend to show that it was his duty or that of the fireman to be on the lookout for men in that position on the sides of freight cars.

The conclusion is that there was no evidence that either the fireman or engineer of the fast express train actually saw the deceased on the side of the freight car in time to do anything for his safety before he was struck; and there was no evidence of obligation resting on either the engineer or the fireman to be looking outside the track and its controlling signals and the other factors of safety of the train for which they were directly responsible. Hence there was no evidence of negligence for which the defendant was responsible. There is nothing inconsistent with this conclusion in *Erie Railroad* v. *Purucker,* 244 U. S. 320.

It becomes unnecessary to consider the other questions raised. The request that a verdict be ordered for the defendant should have been granted. In accordance with St. 1909, c. 236, judgment may be entered for the defendant.

<div align="right">

*So ordered.*